IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HONOLULU ACADEMY OF ARTS dba HONOLULU ART MUSEUM, a Hawaii non-profit corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>JOEL ALEXANDER GREEN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; AND DOES GOVERNMENTAL AGENCIES 1-10,<br><br>            Defendants. | CIVIL NO. 15-00355 DKW-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF HONOLULU ACADEMY OF ARTS dba HONOLULU MUSEUM OF ART'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF HONOLULU ACADEMY
OF ARTS dba HONOLULU MUSEUM OF ART'S
<u>OBJECTIONS TO DEFENDANT'S BILL OF COSTS</u>

Before the Court is Plaintiff Honolulu Academy of Arts dba Honolulu Museum of Art's Objections to Defendant's Bill of Costs, filed September 20, 2016. After careful consideration of the parties' submissions and the applicable law, the Court HEREBY RECOMMENDS that the Objections be GRANTED IN PART AND DENIED IN PART, and that Defendant be awarded **$5,317.52** in costs, for the reasons set forth below.

BACKGROUND

As the Court and the parties are familiar with the history in this case, the Court includes only those facts relevant to the disposition of Plaintiff's Objections.

On May 4, 2016, Defendant filed a Motion for Summary Judgment ("MSJ"), which was heard on July 8, 2016.

On August 29, 2016, U.S. District Judge Derrick Watson issued an Order Granting Defendant Greene's Motion for Summary Judgment ("MSJ Order"), finding that: 1) each of Plaintiff's claims is barred by the statute of limitations; 2) Defendant is entitled to summary judgment on his breach of contract counterclaim; 3) the action is in the nature of assumpsit; 4) Defendant is entitled to summary judgment on his declaratory relief counterclaim; and 5) Plaintiff is not entitled to an administrative stay of the case.

Judgment entered on August 30, 2016.

DISCUSSION

Defendant requests $7,409.86 in costs as the prevailing party in this action:  1) $400.00 in filing fees; 2) $78.53 in service fees; 3) $55.00 in witness fees; 4) $5,806.43 in deposition transcript and video costs; and 5) $1,069.90 in copying costs.  Plaintiff objects to categories four (deposition transcript and video costs) and five (copying costs).

Federal Rule of Civil Procedure ("FRCP") 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  FRCP 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247 (9th Cir. 2014) (citing Ass'n of Mexican-American Educ. v. State of Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc)).  Prevailing defendants are generally entitled to recover costs pursuant to FRCP 54(d)(1), "and a

district court has limited discretion to deny fees under the rule." Goldberg v. Pac. Indem. Co., 627 F.3d 752, 758 (9th Cir. 2010).

"Courts consistently confirm that '[a] party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 741 (9th Cir. 2009) (citation omitted). The Local Rules similarly provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)." Local Rule 54.2(a). A party need not prevail on all claims to be found the prevailing party. San Diego, 568 F.3d at 741.

Here, insofar as judgment entered in Defendant's favor, he is the prevailing party. Presently at issue is whether he is entitled to the requested costs.

The Court's discretion to award costs pursuant

4

to FRCP 54(d) is not unlimited.  <u>Ass'n of Mexican-American Educators v. Cal.</u>, 231 F.3d 572, 591 (9th Cir. 2000).  Courts may only tax the costs identified in 28 U.S.C. § 1920.  See <u>Yasui v. Maui Electric Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citing <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987)); <u>Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.</u>, 741 F.3d 955, 957 (9th Cir. 2013) ("The general costs statute, 28 U.S.C. § 1920, defines the term 'costs' as used in Rule 54(d).").

> Section 1920 enumerates the following costs:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  The burden is on the losing party to demonstrate why costs should not be awarded.[1]  <u>Stanley v. Univ. of S. Cal.</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

If a district court declines to award costs, it must specify its reasons for doing so.  <u>Ass'n of Mexican-American Educators</u>, 231 F.3d at 591.  On the other hand, a "district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003).

---

[1] Even though Plaintiff did not raise specific challenges regarding the reasonableness of all of the requested fees, the Court conducts its own reasonableness analysis.

The Court evaluates each category of requested taxable costs in turn.

A.  Filing Fees

Defendant requests $400.00 in filing fees. Section 1920(1) allows for the taxation of the fees of the clerk and marshal.  Indeed, "[f]iling fees are properly recoverable by a prevailing party under § 1920(1)."  World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1288 (D. Haw. 2008). Accordingly, the Court recommends that the district court tax $400.00 in filing fees.

B.  Service Fees

Defendant requests $78.53 in fees for the service of a subpoena.  Local Rule 54.2(f)(1) authorizes fees "for the service of process and service of subpoenas by someone other than the marshal," but any such fees must be "reasonably required and actually incurred."  Local Rule 54.2(f)(1).  Defendant represents that these fees were reasonably and necessarily incurred and he has provided documentation

7

to support the request.  The Court therefore recommends that $78.53 in service fees be taxed in Defendant's favor.

C.  <u>Witness Fees</u>

Defendant seeks $55.00 in witness and mileage fees for Eric Watanabe, Plaintiff's former Chief Financial Officer.  Certain witness fees are taxable pursuant to § 1920(3).  <u>Clausen v. M/V New Carissa</u>, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)); 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance.").  Defendant may recover $40.00 in witness fees for Mr. Watanabe's attendance at his deposition.  However, Defendant is not entitled to $15.00 in mileage fees.  Based on Defendant's calculations, he is seeking reimbursement in the amount of $0.60/mile.  This is not the amount prescribed by the applicable authorities.  28 U.S.C. § 1821(c)(2) ("A travel allowance equal to

8

the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5,[2] for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle."). The General Services Administration has established $0.54 as the effective per mile rate for 2016. http://www.gsa.gov/portal/content/100715. Applying the correct rate, Defendant is entitled to recover $13.50 for mileage. Accordingly, the Court recommends that Defendant be taxed $53.50 in witness and mileage fees.

D.  Deposition Costs

Defendant requests $4,785.49 in deposition transcript costs and $1,020.94 for the video of Stephan Jost's deposition. Plaintiff objects to all of the deposition-related costs.

1.  Deposition Transcripts

---

[2] Section 5704(a)(1) provides: "[A]n employee who is engaged on official business for the Government is entitled to a rate per mile established by the Administrator of General Services, instead of the actual expenses of transportation, for the use of a privately owned automobile." 5 U.S.C. § 5704(a)(1).

Plaintiff challenges Defendant's entitlement to deposition transcript costs on the basis that none of the corresponding depositions were necessary at the time they were taken, after the hearing on the MSJ. Plaintiff believes that by that point in the litigation, it was abundantly clear that Defendant was likely to prevail on its statute of limitations defense, and it was therefore unreasonable for Defendant to expect that any of the depositions were necessary for trial versus mere discovery. Plaintiff lastly asserts that Defendant has not adequately supported his request for deposition transcript costs.

Section 1920(2) authorizes the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Costs for deposition transcripts may be reimbursable if certain conditions are met. Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition

> transcript necessarily obtained for use in the case is allowable.  A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

Defendant represents that the deposition transcripts were necessarily obtained for use in trial preparation.  Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) (deposition transcript costs are taxable if they are reasonably necessary for trial). The deponents were all key current or former employees of the Honolulu Academy of Arts.

Notwithstanding Plaintiff's challenge regarding the necessity of the depositions, the Court finds that the deposition transcripts were reasonably and necessarily obtained for use in the case, and reasonably expected to be used for trial preparation. The Court is unpersuaded that Defendant's success was a foregone conclusion following the MSJ hearing.  Having reviewed the MSJ hearing transcript in its entirety,

the Court disagrees with Plaintiff's contention that Judge Watson expressed inclinations or provided informal rulings. Indeed, he closed the hearing by stating: "All right. Thank you to both sides. The argument, as well as the briefs, I've got a pretty good handle on the issues. The matter is submitted, and we will endeavor to get a written order out as soon as we possibly can." Objection, Ex. A at 31:24-32:2.

Defendant could not be expected to have predicted or known that he would prevail, based solely on the exchange at the hearing. Given the pendency of the MSJ ruling, coupled with the impending October trial date and August 5, 2016 discovery deadline, it was reasonable for Defendant to depose the individuals it did.[3]

Although Local Rule 54.2(f)(2) mandates that transcripts be used for trial preparation and not

---

[3] Curiously, while Plaintiff complains about Defendant's taking of depositions, it also took two depositions following the MSJ hearing - former Honolulu Academy of Art Director Stephen Little and Defendant. Thus, any suggestion that Defendant engaged in improper and unnecessary discovery is not well taken.

merely discovery, it does not contain the additional requirements that Plaintiff attempts to impose here. For example, Plaintiff argues that the deposition transcripts did not play any role in the resolution of this case, and that they were not used to support the MSJ.[4]  No such requirements exist, and Plaintiff's contentions are not germane to the Court's present evaluation of Defendant's entitlement to deposition transcript costs.

      Finally, the Court disagrees with Plaintiff's assertion that Defendant has not sufficiently supported his request for deposition costs.  Based on the titles of the individuals who were deposed, all of whom are or

---

[4] Plaintiff also takes issue with Defendant's alleged failure to produce discovery.  Even accepting the veracity of these allegations, they have no bearing on the issue of costs.  Discovery issues could have and should have been brought to the Court's attention during the course of litigation, not used as a post hac effort to reduce the award of costs to which Defendant is statutorily entitled.  Notably, Plaintiff has elected to raise these issues in a context that deprives Defendant of the opportunity to respond.  Local Rule 54.2d(d) (authorizing the filing of objections to bill of costs, but no responsive memoranda).

were employed by Plaintiff, it is clear that they were critical witnesses whose testimony could be reasonably expected to be used for trial preparation, had the case proceeded to trial.[5]

For these reasons, the Court recommends that Defendant be awarded $4,785.49 in deposition transcript costs.

2. <u>Deposition Video</u>

In addition to a deposition transcript for Mr. Jost, Defendant seeks to recover the cost associated with the video of his deposition. Plaintiff objects to

---

[5] Plaintiff relies in part on <u>Rodriguez v. General Dynamics Armament and Technical Products, Inc.</u>, 775 F. Supp. 1217 (D. Haw. 2011), to support the denial of the deposition transcript costs. <u>Rodriguez</u> is distinguishable. There, the district court affirmed this Court's determination that defense counsel's conclusory declaration that deposition transcripts were necessary to assist with cross-examination was insufficient. <u>Id.</u> at 1219-20. The defendant submitted only its counsel's declaration with its bill of costs, even though Local Rule 54.2(c) requires the submission of a memorandum in support. <u>Id.</u> Moreover, the district court found that the defendant incurred the requested deposition costs before the plaintiffs indicated that the deponents would be listed as witnesses at trial. <u>Id.</u> at 1220. Therefore, the justification for the deposition transcripts had yet to arise at the time the depositions were taken. <u>Id.</u>

this cost as duplicative.  The Court agrees.

Local Rule 54.2(f)(2) authorizes "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable."  Local Rule 54.2(f)(2). However, Defendant has not explained why both a stenographic transcript and video of the deposition are necessary or reasonable in this case.  Consequently, the Court recommends that the request for the deposition video costs be denied.

E. Copying Costs

Defendant requests reimbursement for $1,069.90 in in-house copying costs, which represents $483.20 in color copies at $0.40/page and $586.70 in black and white copies at $0.10/page.  Plaintiff argues that Defendant has not provided the information required by Local Rule 54.2(f)(4).

Section 1920(4) authorizes the taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are

15

necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  However, Local Rule 54.2(f)(4) sets forth specific requirements that must be met:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit **describing the documents copied**, the number of pages copied, the cost per page, **and the use of or intended purpose for the items copied**.  The practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided such charges are reasonable.  **The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable**.

Local Rule 54.2(f)(4) (emphases added).  Defense counsel's declaration does not describe the documents copied or the use of or intended purpose for the items copied.  Without this information, the Court cannot determine whether the copies were necessary and/or reasonable.  Accordingly, the Court recommends that the request for copying costs be denied without prejudice.  The Court grants Defendant leave to provide the requisite information by October 28, 2016.  Any supplemental submission/documentation must comply with

16

Local Rule 54.2(f)(4).

F.   Total Taxable Costs

In sum, the Court recommends an award of **$5,317.52** in taxable costs:  1) $400.00 in court/filing fees; 2) $78.53 in service fees; 3) $53.50 in witness fees; and 4) $4,785.49 in deposition transcript costs.

CONCLUSION

In accordance with the foregoing, the Court RECOMMENDS that Plaintiff's Objections be GRANTED IN PART AND DENIED IN PART and that Defendant be awarded **$5,317.52** in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, October 20, 2016.

             

Kevin S.C. Chang
United States Magistrate Judge

CV 15-00355 DKW-KSC; HONOLULU ACADEMY OF ARTS V. GREENE, ET AL.; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF HONOLULU ACADEMY OF ARTS dba HONOLULU MUSEUM OF ART'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS